[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-8076
_____

D.C. Docket No. 1:96-CV-1414-MHS


CYNTHIA A. EVERETT,


                                        Plaintiff-Appellant,

                        versus

COBB COUNTY SCHOOL DISTRICT, KENNESAW STATE COLLEGE,
a unit of the University System of Georgia; and
BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,

                                        Defendants-Appellees.



_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(April 16. 1998)**

Before HATCHETT, Chief Judge, and GODBOLD and RONEY, Senior
Circuit Judges.


GODBOLD, Senior Circuit Judge:

     Plaintiff Cynthia Everett appeals from the dismissal of her
claims against the Board of Regents of the University System of
Georgia, Kennesaw State College, and Cobb County School District
alleging that she was discriminated against because of her

disability in violation of the Americans with Disabilities Act and The Rehabilitation Act of 1973. Because we find her claims to be barred by the applicable statute of limitations we affirm the district court's judgment in favor of the defendants.

## I. Factual and Procedural History

Cynthia Everett is a person with disabilities as defined by the ADA. She has multiple sclerosis and bilateral SI joint dysfunction, and although she can walk for periods of time using a cane, she relies on an electrically-powered scooter for mobility.

Everett attended Kennesaw State College from 1991 to 1994 to obtain a degree in Early Childhood Education. During the spring quarter of 1994, she began her student teaching assignment at Kennesaw Elementary School in the classroom of Nancy Hardy. Everett alleges that Hardy would not allow her to use her scooter in the classroom. Everett also alleges that Hardy made frequent comments concerning Everett's disability and expressed her doubts on whether the disability would allow her to be a good teacher. Some time in May Hardy assigned Everett a grade of Unsatisfactory (U) for the student teaching assignment, stating that to pass Everett would be to admit that she that she was capable of teaching in any situation.

On May 31, 1994 Kennesaw State faculty decided to change

2

Everett's grade from a U to an Incomplete (I) and allow her to repeat the student teaching program the next year. On June 6, 1994 Everett received a letter from the same Board confirming that the May 31 decision would stand and that she would be assigned an I.

On June 6, 1996 Everett filed a complaint against the defendants alleging discrimination because of her disability in violation of Title II of the ADA and the Rehabilitation Act of 1973. She also included state law claims alleging breach of contract. The defendants moved to dismiss all of Everett's federal claims as time barred. The district court granted the , motion, finding that Georgia's two-year statute of limitations applied to all of Everett's claim and that she had failed to file suit within two years of the discriminatory acts complained of.

Everett filed this appeal, asserting that Georgia's two-year, personal injury statute of limitations is inapplicable to claims brought under the ADA and the Rehabilitation Act, and that regardless of which limitations period this court chooses to apply her action was timely filed.

## II. Discussion

A. Standard of review

We review a district court's dismissal of a complaint de novo. In doing so we view the facts in the light most favorable

to the nonmovant. Welch v. Laney, 57 F.3d 1004, 1008 (11th Cir. 1995).

B. The appropriate statute of limitations

The issue of the applicable statute of limitations under Title II of the ADA and the Rehabilitation Act of 1973 is an issue of first impression for this circuit. Because causes of action brought under Title II of the ADA and the Rehabilitation Act are essentially identical, we will consider the two statutes simultaneously and apply the same statute of limitations to both. See Pottgen v. Missouri St. High Sch. Activities Ass'n, 40 F.3d 926, 930 (8th Cir. 1994) (stating that interpretations of the ADA must be consistent with interpretations of the Rehabilitation Act).

Where a federal statute does not contain a limitations period courts should look to the most analogous state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). Most civil rights actions are essentially claims to vindicate injuries to personal rights. See Goodman v. Lukens Steel Co., 482 U.S. 656, 661 (1987)(action for discrimination is one for "fundamental injury to the individual rights of a person"); Wilson, 471 U.S. at 276 (claims which allege discrimination are best characterized as personal injury actions).

Based on this guidance from the Supreme Court most circuits

4

that have adopted a statute of limitations for ADA or Rehabilitation Act claims have looked to the state's limitations period for personal injury actions. See, e.g., Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 551 (7th Cir. 1996)(district court correctly applied Illinois' two-year statute of limitations for personal injuries as the most analogous limitations period for an ADA claim, cert. denied, 117 S. Ct. 771 (1997); Baker v. Board of Regents of State of Kan., 991 F.2d 628, 632 (10th Cir. 1993) (analogizing Rehabilitation Act claims to personal injury claims); Morse v. University of Vermont, 973 F.2d 122, 127 (2d Cir. 1992)("we now hold that actions under § 504 of the Rehabilitation Act are governed by the state statute of limitations applicable to personal injury actions"); Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 982-83 (5th Cir. 1992).

Only the Fourth Circuit has declined to apply the state personal injury statute of limitations. In Wolsky v. Medical College of Hampton Roads, that court held that because the state of Virginia had passed a state anti-discrimination statute that was identical to the federal Rehabilitation Act, the statute of limitations contained in that statute should be applied as the most analogous. Wolsky v. Medical College of Hampton Roads, 1 F.3d 222, 225 (4th Cir. 1993)("Given that the Virginia Act is modeled after the Rehabilitation Act, we break with the conclusions of the other circuits to apply a personal injury

5

statute of limitations"). Because Georgia has not passed a state law identical to the Rehabilitation Act from which to borrow a limitations period, we follow the lead of the other circuits that have decided this issue and apply Georgia's two-year statute of limitations period for personal injury actions. See O.C.G.A. § 9-3-33 (1982).

Everett assertions that this court should apply the twenty-year statute of limitations found at O.C.G.A. § 9-3-22 are without merit. This twenty-year limitations period applies to "actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law." O.C.G.A. § 9-3-22. The only authority Everett points to for support of her position consists of cases decided prior to the Supreme Court's decisions in Wilson and Goodman that § 1983 and § 1981 claims are to be governed by state personal injury limitation periods. The cases cited by Everett apply other statutes of limitations to federal civil rights actions and are no longer good law. See Hill v. Metropolitan Atlanta Rapid Transit Authority, 841 F.2d 1533, 1545-46, modified on other grounds, 848 F.2d 1522 (11th Cir. 1988) (holding that "[r]ecent Supreme Court decisions have directed that the appropriate statute of limitations for [1981 and 1983 actions] is the personal injury statute of the state in which the federal court is sitting").

6

Because other circuits that have decided this issue have applied the personal injury statute of limitations period, and because Everett has failed to cite any relevant authority that convinces this court otherwise, we hold that Georgia's two-year statute of limitations for personal injury actions should be applied to discrimination claims brought under Title II of the ADA and the Rehabilitation Act.

C. Is Everett's complaint time barred?

Everett contends that even if this court finds that the two-year limitation period applies to her claims, her suit should not have been dismissed because it was timely filed within two years. Specifically, she says that her claims of discrimination accrued on June 6, 1994 when she received a letter from the school confirming that she would receive an I in her student teaching course and that she would have to repeat her student teaching exercise. Her original complaint was filed on June 6, 1996.

Kennesaw State College and the Cobb County School District assert that Everett's claims accrued prior to June 6th. They maintain that her claims accrued some time in May of 1994 when she was assigned a grade of U by Hardy. Alternatively, they argue that the latest date her claims could have accrued was May 31, 1994, because on that date Everett met with her professors and they informed her that she would be given the grade of "I,"

7

rather than "U" in her student teaching course and would not be allowed to graduate. In dismissing Everett's complaint, the district court found that the letter Everett received on June 6 only confirmed what she had learned on May 31, and that her claim had accrued no later than May 31 1994, thus barring her current suit under the applicable two-year limitations period.

We agree with the district court. Claims of discrimination accrue when the plaintiff is informed of the discriminatory act. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)(period commenced at time the tenure decision was made and communicated to plaintiff, even though one of the effects of denial of tenure, the eventual loss of a teaching position, did not occur until later); Calhoun v. Alabama Alcoholic Beverage Control Board, 705 F.2d 422, 425 (11th Cir. 1983)("the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"); Soigner, 92 F.3d at 551 (7th Cir. 1996)("[t]he statute of limitations begins with the discovery of injury, not the date on which full consequences of the actions became clear"); Lever v. Northwestern Univ., 979 F.2d 552, 556 (7th Cir. 1992)("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination").

Because Everett first learned that Hardy would give her a U because of her disabilities in May, and because she learned of

the I on May 31st at the meeting with professors, the district court was correct in dismissing her claims as time barred.

The June 6 letter merely confirmed what happened at the May 31 meeting.  At the most it only failed to undo the prior discriminatory acts of both Hardy and Kennesaw State.  Failure to remedy a prior act of discrimination does not constitute a new act of discrimination for the purpose of determining whether a claim is time barred. See Lever,979 F.2d at 556.  We hold that Everett's complaint was time barred by Georgia's two-year statute of limitations period.  The district court did not err in dismissing her claims.


## III. Conclusion

We AFFIRM the district court's dismissal of Everett's claims under Title II of the ADA and the Rehabilitation Act of 1973.