[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

No. 10-13348
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-01850-WSD

BERENDER D. GRIFFITH,

Plaintiff-Appellant,

versus

METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY (MARTA),
a Georgia Corporation,
PHYLIS LEE,
Individually and as MARTA Director of the Transitional Employee Program,
MARC WALTHOUR,
Individually and as the Disability Adjuster III for MARTA, jointly and Severally,
PAULA M. NASH,
Individually and as the Chief of Litigation and Administration for MARTA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 20, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Appellant Berender D. Griffith is a former employee of Metropolitan Atlanta Rapid Transit Authority ("MARTA"). She seeks relief against MARTA under several federal statutes, but primarily Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq*. and Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701-797.[1] The district court, in its order of Sepbember 9, 2009,granting MARTA's motion for judgment on the pleadings, described Griffith's situation thusly:

This is a case in which Plaintiff experienced a back injury, underwent surgery, and then aggravated her injury, causing her to be absent from work at . . . MARTA beginning in April 2002. Plaintiff failed to provide . . . MARTA with the requisite proof of her injury beginning in September 2003 and apparently did not express a desire or intention to return to work – she simply was absent from her job and out of touch even though . . . MARTA advised her of her obligation to submit an updated proof of her medical condition from her physician every two weeks. Warned that she would be terminated if she did not provide the information

---

[1] Griffith, who is black, also seeks relief under 42 U.S.C. § § 1981 and 1985(3) for racial discrimination. The district court found these claims to be baseless. We agree.

her employer required, Plaintiff did not respond to . . . MARTA's request for proof of her medical condition and, in 2004, she was terminated. Three years later, and five and one-half years after the aggravation of her injury, Plaintiff told . . . MARTA that she was ready to return to work and insisted she be given a light duty job. MARTA informed Plaintiff that it did not have a light duty position available. A year later, Plaintiff demanded that . . . MARTA reopen a work center it had closed and provide her with a position and reasonable accommodation. MARTA reminded Plaintiff that she had been terminated and informed her that a position was not available for her. Plaintiff's lawsuit . . . alleges that . . . MARTA's refusal to rehire her three years after she was terminated for cause violated the American with Disabilities Act [and the Rehabilitation Act] and constituted racial discrimination.

Griffith appeals the district court's judgment on the pleadings. Her brief, however, except for conclusory assertions of error, makes no specific mention of her claims and says nothing as to how the court erred.

We do consider one point—whether the statute of limitations bars Griffith's ADA and Rehabilitation Act claims. The general federal rule is that a cause of action "will not accrue, and thereby set the limitations clock running, until the plaintiff[ ] know[s] or should know (1) that [she] ha[s] suffered the injury that

3

forms the basis of [her] complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted). Georgia's two-year statute of limitations for personal injury actions applies to discrimination claims brought under Title II of the ADA and the Rehabilitation Act. *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998); *see* Ga.Code Ann. § 9-3-33.

The statute of limitations barred Griffith's ADA and Rehabilitation claims that MARTA constructively discharged her and failed to provide her with reasonable accommodations in March 2007, because MARTA discharged her in March 2004 for her work rule violations, thereby rendering her ineligible for rehire under its policies, and Griffith failed to file suit until four years later in April 2008.

AFFIRMED.[2]

---

[2] Griffith appeals the district judge's refusal to recuse. We fine no merit in the appeal. We likewise find no merit in her challenge to the district court's denial of her motions for relief under Fed. R. Civ. P. 59(e) and 60(b).

4