[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13279
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00226-AKK

TARRIA MICHELLE HORSLEY,

Plaintiff-Appellant,

versus

THE UNIVERSITY OF ALABAMA,
BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA,
DONNA MEESTER,
JEANETTE LACKEY,
CHRISTOPHER MONTPETIT, et al.,

Defendants-Appellees,

RICHARD STEPHEN MILLER,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 7, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Tarria Michelle Horsley, proceeding pro se, appeals the district court's dismissal of her complaint, brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and Alabama Code §§ 16-38-2 and 21-9-1, against the University of Alabama ("UA"), its Board of Trustees, and several faculty members (collectively, "Defendants"). Concerning her ADA and Rehabilitation Act claims, Horsley argues that the district court erred in: (1) failing to apply the four-year "catch-all" statute of limitations under 28 U.S.C. § 1658, for federal claims created after 1990; (2) failing to apply the ten-year statute of limitations under Alabama Code § 6-2-33, for actions founded upon a contract or writing under seal; and (3) in concluding that the limitations period was not equitably tolled. After careful review, we affirm.[1]

We review de novo the grant of a 12(b)(6) motion to dismiss, accepting the complaint's factual allegations as true and further construing them in a light most

---

[1] Notably, Horsley does not address the district court's dismissal of her claims under FERPA and Alabama Code §§ 16-38-2 and 21-9-1. Therefore, she has abandoned any arguments related to these claims. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

favorable to the plaintiff.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  The application of statutes of limitations is likewise subject to de novo review.  Center for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006).  Dismissal under Rule 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (quotation omitted).  When considering a motion to dismiss, the district court should limit its consideration to the pleadings and any exhibits attached thereto.  Id.

A four-year statute of limitations applies to any federal claim that was made possible by a post-1990 enactment.  28 U.S.C. § 1658(a); see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004).  However, for discrimination claims under Title II of the ADA and the Rehabilitation Act, which were both enacted prior to 1990, the applicable limitations period is governed by the most analogous state statute of limitations.  Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409-10 (11th Cir. 1998).  In Alabama, where this action was brought, the applicable limitations period is two years.  ALA. CODE § 6-2-38(l) (providing that non-enumerated actions for any injury to the person or rights of another not arising from contract must be brought within two years).

3

A limitations period begins to run when a cause of action accrues.  Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  A cause of action ordinarily "will not accrue, and thereby set the limitations clock running, until the plaintiff[] know[s] or should know (1) that [she] ha[s] suffered the injury that forms the basis of [her] complaint and (2) who has inflicted the injury."  Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).  In general, once a limitations period has run, the action is barred, regardless of the merits of the plaintiff's claims.  Arce v. Garcia, 434 F.3d 1254, 1260-61 (11th Cir. 2006).

However, statutes of limitation may be subject to equitable tolling.  United States v. Locke, 471 U.S. 84, 94 n.10 (1985); Cook v. Deltona Corp., 753 F.2d 1552, 1562 (11th Cir. 1985).  Equitable tolling is an extraordinary remedy to be applied sparingly, and is appropriate when a plaintiff untimely files due to extraordinary circumstances that are both beyond her control and unavoidable even with diligence.  Arce, 434 F.3d at 1261.  We have emphasized that equitable tolling typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment, and that "ignorance of the law does not, on its own, satisfy the constricted extraordinary circumstances test."  Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007) (quotation omitted).  Likewise, we have previously rejected the notion that pro se status, ignorance of the judicial

4

process, or slow administrative proceedings can warrant the application of equitable tolling.  Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997).

Here, the district court did not err in dismissing Horsley's ADA and Rehabilitation Act claims by applying the two-year statute of limitations. Horsley's complaint alleged that she had a disability and that the Defendants violated Title II of the ADA and Section 504 of the Rehabilitation Act by failing to accommodate her disability.  While Horsley argued in subsequent pleadings that her claims were not cognizable before the enactment of the ADA Amendments Act in 2008 and that she and the Defendants had a contract under seal, our case law makes clear that dismissal under Rule 12(b)(6) on statute of limitations grounds depends only on "the face of the complaint."    Tello, 410 F.3d at 1288.  Thus, the district court properly limited its consideration to the face of Horsley's complaint and ignored any arguments in Horsley's subsequent pleadings.

Based on the face of the complaint, the district court properly dismissed Horsley's claims as barred by the two-year statute of limitations because the claims were untimely.  See Everett, 138 F.3d at 1409-10.  Horsley received her grades for the fall semester of 2007 and the spring semester of 2010 in December of 2007 and May of 2010, respectively.  Furthermore, the open confrontation regarding Horsley's absences and other personal information took place on February 28,

5

2010.  Finally, the Defendants' request that Horsley sign the release of claim form was made on July 22, 2010.  Accordingly, by July 22, 2010 at the latest, Horsley knew that she had suffered an injury, and that it was a result of the Defendants' failure to accommodate her disability.  See Chappell, 340 F.3d at 1283.  Yet she failed to file a complaint until February 1, 2013, beyond the two-year statute of limitations period.  See Everett, 138 F.3d at 1409-10.

Furthermore, Horsley has failed to establish the extraordinary circumstances that would warrant equitable tolling.  Horsley asserted no facts in her complaint indicating that her untimely filing was the result of circumstances beyond her control and unavoidable even with diligence.  See Arce, 434 F.3d at 1261.  While it is true that Horsley was actively pursuing numerous appeals during the intervening period between the time she suffered the injury and the time she filed her complaint, she has alleged no reason that she could not have concurrently pursued a federal court action.  Moreover, although Horsley alleged in her brief that the Defendants provided fraudulent information to and withheld information from the appeals boards, Horsley did not allege any affirmative misconduct in her complaint.  See Astrue, 506 F.3d at 1356.  Accordingly, we affirm the dismissal of Horsley's ADA and Rehabilitation Act claims as time-barred.

**AFFIRMED.**

6