[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15091
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-21046-JLK

JOSEPH SECO,

Plaintiff-Appellant,

versus

NCL (BAHAMAS), LTD.,
a Foreign Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 2, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Joseph Seco appeals the district court's dismissal of his lawsuit seeking injunctive relief for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (the "ADA").[1]  Seco, who is confined to a wheelchair, was a passenger on board the defendant NCL's vessel, Norwegian Sky.  He alleges that two architectural barriers on the Norwegian Sky deprived him of full enjoyment of the cruise: (1) a lack of handicapped-accessible exterior cabins with balconies or window views; and (2) doors that are not ADA-compliant because they require excessive force to open.  The district court granted NCL's motion to dismiss, finding that Seco's complaint was time-barred and failed to state a claim.  After careful consideration, we affirm albeit on different grounds.

I.

We first address "the threshold jurisdictional question" of whether Seco has standing to seek relief for the two discriminatory barriers he allegedly encountered.[2]  Fla. Family Policy Council v. Freeman, 561 F.3d 1246, 1253 (11th Cir. 2009) (internal quotation marks omitted).  The district court did not discuss

---

[1] Seco also brought an unjust enrichment claim that was dismissed by the district court.  Because Seco does not address the unjust enrichment claim on appeal, the claim is deemed abandoned. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[2] In his complaint, Seco broadly sought relief directed at "all of the barriers to access" on NCL's cruise ships.  We confine our review on appeal to the alleged barriers that are specifically identified in Seco's brief.  Cf. Access Now, 385 F.3d at 1330.

2

standing in its dismissal order, but "[l]ack of standing is a jurisdictional defect," Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.6 (11th Cir. 1993), and we have "a special obligation to satisfy [ourselves] not only of [our] own jurisdiction, but also that of the lower courts in a cause under review." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331 (1986) (internal quotation marks omitted).

To establish standing, Seco must show: "(1) injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013) (internal quotation marks omitted).  In addition, because he is seeking injunctive relief, Seco "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."  Id. (internal quotation marks omitted).

"[T]he 'injury in fact' test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured." Sierra Club v. Morton, 405 U.S. 727, 734–35, 92 S. Ct. 1361, 1366 (1972).  Seco's complaint fails to satisfy this requirement with respect to the availability of handicapped-accessible exterior cabins with balconies or window views.  A lack of such cabins will only cause injury to those for whom the absence of windows or balconies would lessen their "full and equal enjoyment of the  . . .

3

accommodations" of the Norwegian Sky.  42 U.S.C. § 12182(a).  But nowhere in his pleadings does Seco allege that he suffers from a disability or a condition that would cause the lack of windows or balconies in his cabin to interfere with his full enjoyment of the cruise.[3]  Because the absence of handicapped-accessible exterior cabins with windows or a balcony, if true, is a barrier unrelated to Seco's alleged disability—a mobility impairment—Seco lacks standing to challenge that purported violation.

NCL contends as well that Seco lacks standing to seek injunctive relief for any alleged ADA violation because he has not shown "a real and immediate threat of future injury."  Houston, 733 F.3d at 1329.  NCL insists that Seco's allegation that he "has future cruises planned on NCL" fails to establish the requisite "likelihood that [Seco] will be affected by the allegedly unlawful conduct in the future."  Id. at 1328 (internal quotation marks omitted).  This argument is foreclosed by our decision in Stevens v. Premier Cruises, Inc., in which we were

---

[3] The only reference in the complaint to Seco's personal interest in the availability of handicapped-accessible exterior cabins is in the following sentence: "By failing to offer both balcony and window view [handicapped-accessible] cabins, NCL is unfairly discriminating against all handicapped persons, including Joseph Seco, who are interested in cruising but feel confined and/or claustrophobic and require or would prefer an exterior cabin."  This statement is insufficient to allege that Seco suffers either from claustrophobia or from another disability that is affected by the presence of balconies or window views.  Cf. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action" (alterations and internal quotation marks omitted)).  Moreover, even if Seco were deemed to have alleged he is claustrophobic, he fails to allege any facts indicating that such claustrophobia substantially limits one or more life activities so as to trigger protection under the ADA.

4

"satisfied" that the plaintiff's allegation that she "would take another cruise aboard" the defendant's ship "in the near future" was sufficient to demonstrate standing for injunctive relief under Title III. 215 F.3d 1237, 1239 (11th Cir. 2000).[4]

In sum, we conclude that Seco lacks standing to challenge the availability of handicapped-accessible exterior cabins on the Norwegian Sky, but has standing to challenge the doors that are allegedly not ADA-compliant because they require excessive force to open. We turn next to the merits.

II.

The district court in this case granted NCL's motion to dismiss, finding that Seco's complaint was time-barred and failed to state a claim. On appeal, Seco challenges both bases of the district court's ruling. We need not decide those issues because we affirm the dismissal on the alternative ground that Seco's claims are subject to compulsory arbitration. Cf. Seminole Tribe of Fla. v. Fla. Dep't of Revenue, 750 F.3d 1238, 1242 (11th Cir. 2014) ("[W]e may affirm the dismissal of a complaint on any ground supported by the record even if that ground was not considered by the district court . . . .").

---

[4] We recognize that it has been suggested that our decision in Stevens may "conflic[t] with the Supreme Court's holding in Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), that 'some day intentions' are not enough." Houston, 733 F.3d at 1335 n.5. "We are bound to follow a prior panel . . . , except where that holding has been overruled or undermined to the point of abrogation by a subsequent en banc or Supreme Court decision." Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

Paragraph 10(b) of Seco's passenger ticket contract provides, inter alia, that:

> Any and all disputes, claims, or controversies whatsoever, other than for personal injury, illness or death of a Guest, . . . including but not limited to alleged violation of civil rights [or] discrimination . . . laws, . . . shall be referred to and resolved exclusively by binding arbitration . . . .

Seco did not argue before the district court and does not argue on appeal that he is not bound by ¶ 10(b) or that the clause is otherwise inequitable or unenforceable; significantly, he has never disputed—despite ample opportunity to do so—the validity of ¶ 10(b)'s arbitration provision. Seco instead contends that, under our precedents, ADA claims are considered claims for "personal injury" and are therefore not subject to ¶ 10(b)'s requirements.

Seco misreads our precedents. While we have previously observed that "[m]ost civil rights actions are essentially claims to vindicate injuries to personal rights," Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409 (11th Cir. 1998), we have never held that civil rights claims are a type of personal injury claim. Everett and the other cases cited by Seco involved the applicable statute of limitations for various federal civil rights statutes. See, e.g., Goodman v. Lukens Steel Co., 482 U.S. 656, 660–62, 107 S. Ct. 2617, 2620–21 (1987) (considering the applicable statute of limitations under 42 U.S.C. § 1981), superseded by statute on other grounds, 28 U.S.C. § 1658; Wilson v. Garcia, 471 U.S. 261, 262, 105 S. Ct. 1938, 1939–40 (1985) (considering the applicable statute of limitations under 42 U.S.C.

6

§ 1983), superseded by statute on other grounds, 28 U.S.C. § 1658; Everett, 138 F.3d at 1409–10 (considering the applicable statute of limitations under Title II of the ADA and the Rehabilitation Act). Those cases held that the state statutes governing claims for personal injury are "most analogous" to the civil rights statutes that were at issue, and therefore the state limitations periods applicable to personal injury actions should be borrowed. Everett, 138 F.3d at 1409–10; see also Goodman, 482 U.S. at 660–62, 107 S. Ct. at 2620–21; Wilson, 471 U.S. at 280, 105 S. Ct. at 1949. Notably, those cases only decided whether civil rights or discrimination actions are most closely analogous to personal injury actions "for statute of limitations purposes." Wilson, 471 U.S. at 268, 105 S. Ct. at 1942.

We are thus unpersuaded by Seco's efforts to characterize his ADA claims as claims for personal injuries for purposes related to his cruise ticket contract. Accordingly, we hold that ¶ 10(b) of the contract governs his claims and that these claims must therefore be dismissed in favor of arbitration. Cf. Solymar Invs., Ltd. v. Banco Santander S.A., 672 F.3d 981, 999 (11th Cir. 2012) (holding that "the district court correctly dismissed the entirety of the . . . [c]omplaint in favor of arbitration"); Randolph v. Green Tree Fin. Corp.-Alabama, 244 F.3d 814, 815, 819 (11th Cir. 2001) (affirming a district court compelling arbitration and dismissing the action with prejudice).

**AFFIRMED**.

7