[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11550
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-03587-RLV

GLORIA ABRAM,

Plaintiff-Appellant,

versus

FULTON COUNTY GOVERNMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 29, 2015)

Before MARCUS, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gloria Abram, proceeding *pro se*, appeals the district court's grant of summary judgment for the Fulton County Government ("Fulton County") on her claims that Fulton County denied a number of her requests for accommodation, in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").  Before her resignation in March 2009, Abram held the position of "Administrative Coordinator I" in Fulton County's Public Works Department, and she served as a front-desk receptionist.  Abram suffered from lupus, and Fulton County certified her as disabled for the purpose of the ADA in April 2007.

Briefly stated, Abram argues  (1) that the district court erred in concluding that she failed to satisfy the statutory filing requirements for all but one of her claims and, alternatively, that the court erred by declining to toll equitably the statutory limitations period; (2) that the district court erred in determining that a reasonable jury would have been compelled to find that her physical presence at the front desk was an essential function of her position and that her request to work from home was not a reasonable accommodation; and (3) that the district court erred by concluding that Abram did not plead a constructive discharge claim and, alternatively, that she did not establish adequate evidence of constructive discharge.

2

(1)


On appeal, Abram argues that, pursuant to *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407 (11th Cir. 1998), the applicable statute of limitations in this case is two years. *See Everett*, 138 F.3d at 1409-10 (holding that, for claims brought in federal courts in Georgia under Title II of the ADA, which does not contain a statute of limitations, the applicable limitations period is two years, pursuant to Georgia's personal injury statute of limitations). In addition, Abram argues that the district court erred by not applying the continuing violations doctrine because the record demonstrated that Fulton County had denied her requests for accommodations from December 2006 through March 2009 and that the denials were frequent and recurring. In addition, Abram contends that she did not fail to exhaust administrative remedies on claims stemming from Fulton County's acts in 2006 and 2007 because those claims were reasonably related to the claims she alleged in the charges she filed with the Equal Employment Opportunity Commission ("EEOC") on 24 March 2008 and 11 August 2009.

Abram alternatively argues that the district court erred by not equitably tolling the statutory limitations period. In sole support of her equitable tolling contention, she asserts (for the first time: on appeal) that, from 15 October 2007 through 26 September 2008, she was represented by attorney K.M. who was paid

by and perhaps unduly influenced by Fulton County.  Abram also asserts (for the first time: on appeal) that she did not file a civil suit after she received the right-to-sue letter for her 2008 EEOC charge because K.M. encouraged her to work out the issues with Fulton County rather than file suit.

We review a district court's grant of summary judgment *de novo*, applying the same legal standards used by the district court.  *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242 (11th Cir. 2001).  We view the evidence and draw all factual inferences therefrom in the light most favorable to the non-moving party.  *Id.* at 1242-43.  We liberally construe *pro se* filings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(a), (c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007) (quotations omitted).  The moving party initially bears the burden of demonstrating that the nonmoving party has failed to make a sufficient showing on an essential element of

her case. *Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). If the moving party meets that burden, the nonmoving party must point to specific facts in the record showing that a reasonable jury could find in her favor. *Id.*; Fed.R.Civ.P. 56(c)(1)(A). The nonmoving party cannot defeat summary judgment by relying on conclusory allegations. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

Title I of the ADA prohibits discrimination on the basis of disability for job application procedures; hiring, advancement, or discharge of employees; compensation; job training; and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). Plaintiffs raising claims under Title I of the ADA must comply with the same procedural requirements articulated in Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a) (incorporating the procedures set forth in 42 U.S.C. § 2000e-5). As such, before filing suit in district court, the plaintiff must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). For an EEOC charge to be timely in a non-deferral state -- such as Georgia, the charge must be filed within 180 days of when the alleged violation occurred. 42 U.S.C. § 2000e-5(e)(1); *see Wilkerson*, 270 F.3d at 1317. Once the EEOC dismisses the charge and notifies the plaintiff of her right to sue, the plaintiff has 90 days in which to file suit on her claims in district court. 42 U.S.C.

§ 2000e-5(f)(1); *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000).

Federal courts historically have applied the continuing-violation doctrine to permit a plaintiff to recover on an otherwise time-barred claim, where at least one of the violations she alleges occurred within the statutory limitations period. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1221-22 (11th Cir. 2001). But, in *Nat'l R.R. Passenger Corp. v. Morgan*, the Supreme Court clarified that 42 U.S.C. § 2000e-5(e)(1) precludes recovery under the continuing-violations doctrine for discrete acts of discrimination or retaliation that occurred outside the statutory limitations period. 536 U.S. 101, 105, 110-15, 122 S.Ct. 2061, 2068, 2070-73, 153 L.Ed.2d 106 (2002). The Supreme Court explained that each discrete discriminatory act starts a new clock for filing an EEOC charge alleging that act; and time-barred acts are not actionable, even if they are related to acts alleged in a timely-filed charge. *Id.* 536 U.S. at 113, 122 S.Ct. at 2072.

Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire," each of which is easy to identify. *Id.* 536 U.S. at 114, 122 S.Ct. at 2073; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 970, 972-978 (11th Cir. 2008) (concluding that employer's refusal to promote plaintiffs to vacant supervisory positions, denial of their requests for light work assignments, and alleged retaliation against them for filing EEOC charges constituted discrete

acts). In *Morgan*, the Supreme Court distinguished discrimination and retaliation claims based on a series of discrete acts from hostile-work-environment claims; the Court concluded that, where the plaintiff raises a hostile-work-environment claim, § 2000e-5(e)(1) permits recovery for acts that occurred outside the statutory limitations period, as long as at least one act contributing to the hostile work environment took place within the limitations period. *Morgan*, 536 U.S. at 115, 122, 122 S.Ct. at 2073, 2077.

In *Morgan*, the Supreme Court noted that courts may equitably toll the limitations period in § 2000e-5(e)(1). *Id.* 536 U.S. at 113, 122 S.Ct. at 2072. We have explained that equitable tolling is an "extraordinary remedy" that should be applied "sparingly." *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). The plaintiff must establish that equitable tolling is warranted. *Id.* Equitable tolling may be warranted where the defendant misled the plaintiff into allowing the statutory limitations period to lapse or where the plaintiff had no reasonable way of discovering the wrong perpetrated against her. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Equitable tolling is not warranted where the plaintiff failed to exercise due diligence or where she failed to file her action in a timely fashion, despite knowing (or being in a position to know) that the limitations period was running. *See id.*

7

We review *de novo* a district court's legal determination about the availability of equitable tolling. *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008). We review the district court's application of the law to the facts for abuse of discretion. *Id.* In general, we will not review issues -- particularly fact-bound issues -- not presented to the district court, and on which the district court did not have an opportunity to make factual findings. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004). We ordinarily treat as abandoned an issue that a party fails to raise prominently on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).

As an initial matter, Abram is incorrect that Georgia's personal injury statute of limitations applies in this case: Title I of the ADA incorporates the filing requirements, including the statute of limitations, in 42 U.S.C. § 2000e-5. *See* 42 U.S.C. §§ 12117(a), 2000e-5(e)(1), (f)(1). Next, the district court correctly concluded that all but one of Abram's claims were subject to dismissal pursuant to § 2000e-5. Abram failed to exhaust administrative remedies on her claims stemming from Fulton County's acts in 2006 and 2007 because she did not first present those claims to the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); *Wilkerson*, 270 F.3d at 1317. Abram presented some of her claims stemming from Fulton

County's acts in 2008 to the EEOC; but, as she acknowledges on appeal, she failed to file suit in district court within 90 days of receiving notice of her right to sue. *See* 42 U.S.C. § 2000e-5(f)(1); *Santini*, 232 F.3d at 825.  In her complaint, Abram raised several other claims stemming from Fulton County's acts in 2008 and several claims stemming from January 2009.  She failed to exhaust administrative remedies for those claims because she did not first present them to the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1); *Wilkerson*, 270 F.3d at 1317.  The district court determined that Abram's claim that Fulton County failed to grant her February 2009 request to work from home was both administratively exhausted and timely filed in district court.

The district court correctly concluded that the continuing violations doctrine was inapplicable in this case because Abram did not raise a hostile-work-environment claim; and all of her claims, each of which alleged a specific instance of Fulton County's failure to grant her requested accommodations, involved discrete acts of alleged discrimination.  *See Morgan*, 536 U.S. at 105, 114, 122 S.Ct. at 2068, 2073.  We decline to consider Abram's appeal of the district court's failure to toll equitably the limitations period because the only argument she offers on appeal was not before the district court.  *See Access Now*, 385 F.3d at 1331-32.  Abram has waived the arguments she presented to the district court by failing to raise them on appeal.  *See Sapuppo*, 739 F.3d at 681-82.

9

(2)

On appeal, Abram argues that the record contained evidence supporting a finding that her physical presence was not an essential function of her position and that her request to work from home was reasonable.  She argues that  (1) the job description for the Administrative Coordinator I position did not list greeting visitors or physical presence as essential functions; (2) Fulton County allowed employees to telework under its flex-time and compressed work-week policies; (3) Fulton County had many employees who regularly covered the front desk, among whom front-desk duties could have been distributed; (4) Fulton County had a practice of hiring temporary employees to cover the front desk, as needed; (5) Abram spent only a small amount of time at the front desk, and she was not scheduled to cover the front desk on a daily basis; and (6) working at the front desk did not require specialized skills or expertise.

The burden shifting analysis of Title VII employment discrimination claims is partially applicable to ADA claims.  *See Holly v. Clairson Industries, L.L.C.*, 492 F.3d 1247, 1255, 1262 (11th Cir. 2007).  As such, once the plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to the employer to demonstrate undue hardship.  *See id.* at 1255-56, 1262.  Unlike in

Title VII cases, however, the plaintiff has no subsequent burden to demonstrate pretext. *Id.* at 1262.

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that she  (i) is disabled; (ii) is a qualified individual; and (iii) was subjected to unlawful discrimination because of her disability. *Holly*, 492 F.3d at 1255-56. A "qualified individual" is someone who can perform the essential functions of her job, with or without reasonable accommodation. 42 U.S.C. § 12111(8). Essential functions are the fundamental job duties of the employment position. 29 C.F.R. § 1630.2(n)(1). They do not include marginal job functions. *Id.* "Whether a function is essential is evaluated on a case-by-case basis," through examination of "a number of factors." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1230 (11th Cir. 2005). The district court must consider the employer's judgment about the essential functions of a position and any written descriptions the employer prepared before advertising or interviewing applicants for the position. 42 U.S.C. § 12111(8). Other relevant factors include the amount of time the employee spends performing the function and the consequences of not requiring the employee to perform the function. 29 C.F.R. § 1630.2(n)(3)(iii), (iv). The ADA does not require an employer to eliminate essential functions of the plaintiff's position, but it may require the employer to restructure the position by altering or eliminating some of its marginal functions. *Holly*, 492 F.3d at 1256.

11

A reasonable accommodation means a modification or adjustment to the work environment, or the manner or circumstances under which the work is customarily performed, that enables a qualified person to perform the essential functions of her position.  29 C.F.R. § 1630.2(o)(1)(ii).  A reasonable accommodation may include job-restructuring, permitting a part-time or modified work schedule, reassigning the employee to a vacant position, or acquiring or modifying equipment or devices.  *Id.* § 1630.2(o)(2)(ii).  An accommodation is reasonable and necessary under the ADA only when it enables the employee to perform the essential functions of her position.  *Holly*, 492 F.3d at 1256.

Discrimination against a qualified individual includes the failure to make a reasonable accommodation to the known physical or mental limitations of the individual, unless the accommodation would cause the employer undue hardship.  42 U.S.C. § 12112(b)(5)(A); *Holly*, 492 F.3d at 1262.  The burden of identifying an accommodation that would allow the employee to perform the essential functions of her job rests with the employee, as does the ultimate burden of persuasion on showing that the accommodation is reasonable.  *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000).  The employee is not necessarily entitled to the accommodation of her choice.  *See id.* at 1367.

The district court correctly concluded that a reasonable jury would have been compelled to find that Abram's physical presence at the front desk was an

12

essential function of her position and that her request to work from home (where she would not have been able to perform this essential function of her position), was for no reasonable accommodation.   Fulton County asserted that Abram's physical presence at the front desk was an essential function of her position, and it supported its assertion with an affidavit from Abram's direct supervisor containing testimony to that effect.   Under the ADA, the district court was required to consider Fulton County's judgment about the essential functions of Abram's position.  42 U.S.C. § 12111(8).  Abram is correct that Fulton County's written job description for the Administrative Coordinator I position did not provide that physical presence at the front desk was an essential function of the position. *See id.*  But, Abram's own evidence showed that she covered the front desk regularly from April 2006 onward.

Contrary to Abram's contentions on appeal, the record did not contain evidence that Fulton County allowed its employees, particularly those who served as front-desk receptionists, to telework or that Fulton County had a practice of hiring temporary workers to cover the front desk.  In addition, Abram's own evidence (including front-desk schedules from December 2006 onward showing her working at least a two-hour shift at the front desk almost every day) contradicts her assertion on appeal that she spent a small amount of time at the front desk and that she was not scheduled to cover it daily.  While the other evidence Abram cites

may have tended to show that Fulton County had other employees who could have covered the front desk in her absence, it did not substantiate her contention that covering the front desk was no essential function of her position.

(3)

Abram argues that the district court erred in concluding that she presented her constructive discharge claim for the first time in her brief in opposition to Fulton County's motion for summary judgment. She maintains that she raised the constructive discharge claim in her complaint by way of her allegations that her working environment had become so intolerable that she was forced to resign and that she was forced to resign due to Fulton County's failure to accommodate her disability. She also argues that the district court erred in alternatively determining that she failed to establish a *prima facie* case of constructive discharge.

Even if Abram had pleaded a constructive discharge claim, she failed to exhaust administrative remedies for the claim because she did not first present it to the EEOC. *See* 42 U.S.C. § 2000e-5(e)(i); *Wilkerson*, 270 F.3d at 1317. While her 2009 EEOC charge mentioned her resignation, the charge alleged only that Abram "had to resign due to health reasons"; not that she had been forced to resign. And whatever the charge alleged, the district court correctly concluded that the record

14

contained insufficient evidence that, as a result of Fulton County's alleged discrimination, Abram's working conditions became so intolerable that a reasonable person in her position would have been compelled then to resign.

Accordingly, the district court's grant of summary judgment for Fulton County on all of Abram's claims is **AFFIRMED.**