[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14199

_____

D.C. Docket No. 5:12-cv-00205-MP-CJK

EARVIN EALY,

Plaintiff-Appellant,

versus

GEO GROUP, INC.,
WARDEN,
PAYNE,
Health Service Administrator,
MCGINTY,
Classification Supervisor,
WOMBLE,
Nurse, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 30, 2016)

Before MARTIN and JORDAN, Circuit Judges, and COOGLER,* District Judge.

PER CURIAM:

Earvin Ealy is a Florida prisoner incarcerated in a prison run by the GEO Group. He appeals the district court's denial of his motion to file a third amended complaint in a lawsuit against the GEO Group and several of its employees. The district court determined that it would be futile to allow Ealy to amend his asserted claims related to the Rehabilitation Act because the statute of limitations for a claim like that was one year under Florida Statutes § 95.11(5)(g). Ealy filed his original complaint in July 2012, alleging claims based on events from 2008, 2009, and 2010. In light of its denial of Ealy's motion to amend, the district court granted the defendants' motion to dismiss his claims as time barred.

Ealy argues that a four-year limitations period should apply to his Rehabilitation Act claims. We agree. When a federal statute like the Rehabilitation Act does not provide a limitations period, "courts should look to the most analogous state statute of limitations." Everett v. Cobb Cty. Sch. Dist., 138 F.3d 1407, 1409 (11th Cir. 1998). Generally, the most analogous statute of limitations for federal civil rights actions is the state's limitations period for personal injury actions. Id.

---

*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

This Court has on several occasions applied the four-year residual limitations period under Florida's personal injury statute, Florida Statutes § 95.11(3)(p), to 42 U.S.C. § 1983 claims.  See, e.g., Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).  This four-year residual limitations period applies to Ealy's Rehabilitation Act claims here as well.  Because § 95.11(3)(p) applies to Ealy's claims under the Rehabilitation Act, they are not clearly time-barred and his proposed amendment would not be futile.[1]  This means the district court erred in denying Ealy's motion for leave to amend his complaint, and then dismissing his claims.  We reverse and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[1] We decline to address Ealy's remaining two claims, which were not presented before the district court in Ealy's second amended complaint or in any other filings with the court.

3