[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12214
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00098-MHT-TFM

STACIA CROMARTIE,

Plaintiff-Appellant,

versus

ALABAMA STATE UNIVERSITY,
JAMES B. OLIVER,
ATOYIA MASION,
CHRISTOPHER RAY,
STONEY DAVIS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 13, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Stacia Cromartie appeals *pro se* the *sua sponte* dismissal of her amended complaint about the violation of her civil rights by Alabama State University, its band director, James Oliver, and other University employees in violation of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and state law. The district court dismissed as untimely Cromartie's federal claims and declined to exercise supplemental jurisdiction over her claims under Alabama law, which the district court dismissed without prejudice. We affirm.

The district court correctly dismissed Cromartie's amended complaint as untimely. Cromartie alleged that, during the fall of 2011 and of 2012, she was harassed and discriminated against because she suffered from seizures and asthma; she was dismissed from the band for protesting hazing by fellow musicians; and the University mishandled the investigation and violated her rights to equal protection and due process, in violation of the Fifth and Fourteenth Amendments. Cromartie's complaints were subject to the two-year statute of limitation for personal injury actions in Alabama. *See* Ala. Code § 6-2-38(l); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409–10 (11th Cir. 1998). Cromartie waited until February 12, 2016, more

2

than three years after the statutory period expired, to file her complaint. The district court was required to dismiss Cromartie's federal claims as untimely.

Cromartie fails to establish extraordinary circumstances warranting equitable tolling of the statutory period. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013) (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). Cromartie argues that her delay is attributable to the "legal malpractice" of "her legal services provider," but attorney "negligence, even gross negligence," does not qualify as an extraordinary circumstance for purposes of equitable tolling. *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017).

The district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Cromartie's remaining claims under state law. A district court may decline to exercise supplemental jurisdiction over a claim after dismissing all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In fact, we "encourage[ ] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

We **AFFIRM** the dismissal of Cromartie's amended complaint.

3