United States Court of Appeals,

Eleventh Circuit.

Nos. 96-4647, 96-4649.

Gerald Alan GORDAN, Plaintiff-Appellant,

v.

Ronald COCHRAN, individually and as Sheriff of Broward County, Defendant-Appellee.

Fred BELLIS and Carol Bellis, Plaintiffs-Appellants.

v.

Ronald COCHRAN, individually and as Sheriff of Broward County, Defendant-Appellee.

July 14, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 93-6436-CIV-WDE), Wilkie D. Ferguson, Jr., Judge.

Before COX and BARKETT, Circuit Judges, and SMITH[*], Senior Circuit Judge..

BARKETT, Circuit Judge:

Gerard Gordon, Fred Bellis, and Carol Bellis appeal the district court's order granting defendant Ronald Cochran's motions for summary judgment in both his individual and official capacities.[1] In this 42 U.S.C. § 1983 action, plaintiffs claim that Cochran dismissed them from their positions in the Broward County Sheriff's Office because they opposed or were perceived as opposing Cochran's candidacy for Sheriff. They allege that the politically-motivated dismissals violated their First Amendment rights as well as a claimed Fourteenth Amendment property interest in their employment.

Based on *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994), we affirm the district court's grant of defendant's motion to dismiss the property interest claim.

---

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

[1]In *Hufford v. Rodgers,* 912 F.2d 1338, 1342 (11th Cir.1990), we held that Florida sheriffs are county, and not state, officials. In *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir.1991), we held that the Eleventh Amendment does not protect Florida sheriffs from liability for claims brought pursuant to 42 U.S.C. § 1983 as the funds used to satisfy assessments against sheriffs are not paid from the state's treasury.

Insofar as Cochran was sued in his individual capacity, we affirm the grant of summary judgment based on qualified immunity. *See Parrish v. Nikolits,* 86 F.3d 1088, 1092-93 (11th Cir.1996)(discussing differing interpretations by circuit courts of the permissibility of patronage dismissals under *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)).

With respect to the suit against Cochran in his official capacity, we also affirm the district court's grant of defendant's summary judgment motions on the First Amendment claims of Gordon and Fred Bellis. However, with regard to Carol Bellis's First Amendment claim, we vacate the judgment of the district court because the record does not support its finding that her position was appropriately susceptible to political patronage.

## BACKGROUND

Defendant Ronald Cochran, a Democrat, was elected Sheriff of Broward County in a contest with a Republican candidate who had defeated incumbent Sheriff Nick Navarro in the Republican primary. According to the plaintiffs' pleadings, the plaintiffs served as employees or appointees of the former Sheriff Navarro and all actively supported him in the primary election. Plaintiff Gordon served as Media Relations Officer in the Sheriff's Office. Plaintiff Fred Bellis held the position of Project Administrator for the Department of Research and Planning, and Community Involvement. Plaintiff Carol Bellis was Project Coordinator for the Department of Research and Planning. Cochran dismissed the plaintiffs upon taking office. This suit followed.

We review grants of summary judgment de novo, applying the same legal standard that the district court used. *McCabe v. Sharrett,* 12 F.3d 1558, 1560 (11th Cir.1994). Summary judgment is appropriate if, after examining the entire record, the court concludes there is no genuine issue of material fact. Fed.R.Civ.P. 56(c).

## DISCUSSION

Based on its review of factually undisputed job descriptions of Frank Bellis and Gerard Gordon, the district court found that political loyalty was an appropriate job requirement. Mr. Bellis was responsible for developing and adapting programs to meet the needs of the community, developing and maintaining contact with the business and academic communities, maintaining good

relationships with community leaders, and representing the Broward Sheriff's Office on the Developmental Review Board.[2] While Mr. Bellis's position explicitly involved policy development, *Branti* teaches that party affiliation is not necessarily an appropriate requirement for the effective performance of all policy makers. *Branti,* 445 U.S. at 518, 100 S.Ct. at 1294-95. Rather, as we have previously explained, *Branti* demands a showing that the position, policy-making or otherwise, implicates partisan political concerns in its effective functioning. *See Parrish v. Nikolits,* 86 F.3d 1088, 1093 (11th Cir.1996). In addition to his policy development duties, Mr. Bellis was authorized to speak in the name of the Sheriff to other elected officials and community leaders. He held a visible leadership position in which the public would likely perceive him as responsive to partisan political concerns. We are satisfied that this position qualifies as one in which there is a reasonable connection between job performance and shared political views.

Gerard Gordon served as a media officer, a job which required him to act as official spokesperson for the Sheriff's Office, arrange press conferences, write news releases, and meet with various community groups. In short, Mr. Gordon acted as an alternate for the Sheriff in communicating with the public. The Supreme Court has explained that "various assistants.. who help [the elected official] write speeches, explain his views to the press, or communicate with the

---

[2]Mr. Bellis's job functions are described as follows:

      1. Conducts research into future needs of Brevard (sic) County Sheriff's Office (BSO), develops and adapts programs to meet the needs of the community.

      2. Maintains liaison with the Office of the Supervisor of Elections and is responsible for the management of the Poll Deputy Project, in accordance with the Sheriff's Office constitutional responsibilities.

      3. Coordinates special events as directed.

      4. Develops and maintains contact with the business and academic community relative to future trends impacting law enforcement.

      5. Meets with experts on local, state, and federal levels and private and public organizations to gather information for programs and or projects.

      6. Establishes rapport with multiple segments of the community including elected officials and other community leaders.

      7. Represents the BSO on the Development Review Board.

legislature" are positions which the elected official might "appropriately assume cannot be performed effectively unless those persons share his political beliefs and party commitments." *Branti,* 445 U.S. at 518, 100 S.Ct. at 1295. Accepting the assertions of Gordon and Fred Bellis that the defendant fired them because of their political viewpoint as well as the undisputed description of their employment responsibilities, we conclude that their First Amendment rights have not been violated. The district court properly granted summary judgment with respect to their claims.

The district court made a similar finding with respect to Carol Bellis, but the record does not support that judgment. Defendant bears the burden of establishing that plaintiff's position falls within the political patronage exception created in *Elrod* and *Branti* for certain policymaking or confidential employees. See *Elrod,* 427 U.S. at 368, 96 S.Ct. at 2687; *Parrish,* 86 F.3d at 1093 (11th Cir.1996). Cochran argues that Carol Bellis's job tasks also show that, as a matter of law, she held a confidential or policy-making position for which political affiliation was a necessary requirement. We do not agree.

Carol Bellis's responsibilities included organizing and evaluating progress on various projects and programs of the Sheriff's Office for the purposes of a reaccreditation process. According to the job description submitted by the defendant, the position appears to involve entirely administrative and clearly defined functions.[3] Merely being an administrator or supervisor is not

---

[3]The specific job functions are described as follows:

> 1. Reviews documentation form departments, divisions and units for accuracy and compliance with CALEA standards.
>
> 2. Maintains liaison with departments, divisions, units and external agencies to ensure ongoing compliance with CALEA standards.
>
> 3. Updates CALEA files as needed and ensures that standard folders contain up-todate proofs of compliance.
>
> 4. Edits and critiques work submitted by planners for accuracy and compliance with CALEA standards assigned to planners.
>
> 5. Monitors the Reaccreditation Tracking System to ensure accuracy of reports, ISSR forms, cross reference and tickler files.
>
> 6. Initiates and prepares necessary correspondence, memoranda and other information relative to specific projects.

sufficient to show that political affiliation is an appropriate job requirement. *See Elrod v. Burns,* 427 U.S. at 367-68, 96 S.Ct. at 2686-87.

We find at this point in the litigation[4] that if we credit the plaintiff's allegations, as we must (*see McCabe,* 12 F.3d at 1560), we cannot say as a matter of law that political affiliation was an appropriate requirement for the effective performance of her duties. That is, it is not clear as a matter of law that Bellis's position falls within the political patronage exception created by *Elrod* and *Branti.*

The district court's grant of defendant's summary judgment motion with respect to Carol Bellis's First Amendment claim was not supported by the record. Accordingly, we vacate that judgment and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

7. Participates in mock assessments to determine adherence to CALEA standards.

8. Identifies deficiencies that may jeopardize CALEA compliance and keeps the Administration management informed of all obstacles that impede progress.

[4]To avoid summary judgment, plaintiff must also point to evidence in the record which, if credited, would permit a rational fact-finder to conclude that her political affiliation was a substantial factor in her dismissal. *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Because the district court ruled as a matter of law based only on Carol Bellis's job description, it never reached the question of whether Bellis had met her burden of demonstrating that political affiliation was a substantial factor in her dismissal.