PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV - 6 2000
THOMAS K. KAHN
CLERK

_____

No. 99-13897

_____

D.C. Docket No. 98-06559-CV-WJZ

ROBERTA SANTINI, M.D.,

Plaintiff-Appellant,

versus

CLEVELAND CLINIC FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 6, 2000)**

Before EDMONDSON and MARCUS, Circuit Judges, and RESTANI[*], Judge.

PER CURIAM:

_____

[*]      Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

This appeal arises from the September 2, 1999, Order of the United States District Court for the Southern District of Florida granting summary judgment to defendant Cleveland Clinic Florida ("the Clinic"). Plaintiff-appellant Roberta Santini, M.D. ("Santini") contends that the district court erred in concluding first that her federal claims were time-barred and second that no basis existed for an equitable tolling of the statutory filing period. We affirm.

## BACKGROUND

In late February of 1997, Santini filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Broward County Human Rights Division against the Clinic for gender and age discrimination. On May 8, 1997, Santini amended the Charge to add a claim of retaliatory discharge. In response to the Charge, the EEOC issued a "Dismissal and Notice of Right to Sue" ("Notice"). Santini received the Notice on or before February 2, 1998. An associate at the law firm representing her informed the EEOC that the Notice was undated, so the EEOC issued a second Notice dated March 2, 1998.

On May 29, 1998, Santini filed a complaint with the U.S. District Court for the Southern District of Florida under Title VII of the Civil Rights Act of 1964

2

("Title VII"), 42 U.S.C § 2000e et seq. (1994), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 (1967). On September 2, 1999, the district court granted defendant's motion for summary judgment on Santini's federal claims, finding, inter alia, that (1) Santini's federal claims were time-barred because she failed to file her complaint within 90 days of receipt of the Notice, and (2) no basis existed for an equitable tolling of the statutory filing period. The court considers whether the district court erred in granting summary judgment for the Clinic on Santini's claims.[1]

## DISCUSSION

The court reviews the district court's grant of summary judgment de novo. See Gordan v. Cochran, 116 F.3d 1438, 1439 (11th Cir. 1997). Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge. See, e.g., Zillyette v.

---

[1] The district court also issued an Order Imposing Sanctions on Santini's trial counsel Bartley C. Miller ("Miller") for "concealing critical evidence, advancing spurious arguments, submitting misleading affidavits and testimony." Because the magistrate judge has not yet reduced the sanctions order to a specific sum, the order is not final and the court lacks jurisdiction over Miller's appeal. Traveler's Ins. Co. v. Liljeberg Ins. Co., 38 F.3d 1404, 1413 n.18 (5th Cir. 1994) ("an order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain") (quoting Southern Travel Club, Inc. v. Carnival Air Lines, Inc., 986 F.2d 125, 131 (5th Cir. 1993)). Therefore, the court does not reach the issue of sanctions.

Capital One Fin. Corp., 179 F.3d 1337, 1339-41 (11th Cir. 1999).[2] A second Notice tolls the limitation period only if the EEOC issues such Notice pursuant to a reconsideration on the merits under 29 C.F.R. § 1601.21(b), (d). See, e.g., Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 557 (11th Cir. 1997) ("[A] second EEOC letter . . . [is] not effective if there [is] no reconsideration") (citing Gonzalez v. Firestone Tire & Rubber, 610 F.2d 241, 246 (5th Cir. 1980)). Here, the EEOC reissued a Notice merely to correct a technical defect rather than pursuant to a reconsideration of the Charge. Because the issuance of a second Notice on March 2, 1998 is immaterial, the district court did not err in finding that Santini's federal claims were time-barred.

As a matter of law, receipt of a second EEOC Notice does not constitute grounds for equitable tolling where a party has actual knowledge of the first Notice. See Ball v. Abbott Adver., Inc., 864 F.2d 419, 421 (6th Cir. 1988) (noting that "[a]ctual notice destroys any possible basis for applying the 'equitable tolling' doctrine"). At the summary judgment hearing held June 1, 1999, Santini acknowledged that she had actual knowledge of the first Notice. Therefore, the

---

[2] Title VII provides that "[w]ithin ninety days after the giving of . . . notice [of dismissal of the charge] a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved...." 42 U.S.C § 2000e-5(f)(1). Similarly, the ADEA provides that "[a] civil action may be brought under this section by a person . . . against the respondent named in the charge within 90 days after the date of the receipt of . . . notice [of dismissal of the charge]." 29 U.S.C. § 626(e).

district court properly found equitable tolling inapplicable.  Accordingly, the court affirms the district court's grant of summary judgment.

**AFFIRMED.**