[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2011
JOHN LEY
CLERK

No. 10-14567
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-00167-JA-KRS

JUANDRECA L. POWELL,

Plaintiff - Appellant,

versus

DAVID A. SIEGAL,
the Founder and President of CFI West
Gate Resort,

Defendant,

WESTGATE RESORTS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 17, 2011)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Juandreca L. Powell, proceeding pro se, appeals the dismissal without prejudice of her complaint, filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), for failure to comply with court orders and to prosecute her case, Fed.R.Civ.P. 16(f) and 41(b).* Reversible error has been shown; we vacate and remand for additional proceedings.

The magistrate judge recommended that Powell's complaint be dismissed, pursuant to Rules 16(f) and 41(b), because she filed her amended complaint five days after the court's deadline, failed to appear for a hearing on her lawyer's motion to withdraw, and failed to engage in discovery. The magistrate, however, recommended that the dismissal be without prejudice "because it [was] not evident that Powell's noncompliance was willful or in bad faith." The district court adopted the magistrate's recommendation, and dismissed the complaint without prejudice, pursuant to Rules 16(f) and 41(b), for failure to comply with court orders and failure to prosecute the case.

When a complaint is dismissed without prejudice, but a statute of limitations bars a plaintiff from refiling her complaint, we review the dismissal as though it

_____

*We liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

was with prejudice.  See Boazman v. Econ. Lab., Inc., 537 F.2d 210, 212-13 (5th Cir. 1976).  Because more than 90 days passed after the Equal Employment Opportunity Commission ("EEOC") issued Powell a right to sue letter and before the district court's dismissal, we will assume that she was barred from refiling her complaint.  See Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (stating that Title VII actions must be brought within 90 days after the plaintiff receives notice that the EEOC has dismissed the charge of discrimination).

We review a dismissal under Rule 41(b) for abuse of discretion.  Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).  Dismissal with prejudice under Rule 41(b) is proper only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  Id.  Violations "caused by simple negligence, misunderstanding, or inability to comply" do not constitute "willfulness."  In re Se. Banking Corp., 204 F.3d 1322, 1332 (11th Cir. 2000).

The district court determined that it was "not evident that Powell's noncompliance was willful or in bad faith," and it is not otherwise clear from the record that her conduct was willful.  Moreover, because it was not established that Powell, as opposed to her lawyer, was responsible for her untimely filing or failure

3

to engage in discovery, we are reluctant to conclude that the case warranted such an extreme sanction. See Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005) (concluding that dismissal with prejudice is often reserved for cases in which a party -- not the party's lawyer -- is culpable for the misconduct). Perhaps sharing our reluctance, the district court dismissed the complaint without prejudice. But the district court failed to recognize that, due to the running of the statute of limitations, its dismissal was tantamount to a dismissal with prejudice and failed to consider whether lesser sanctions would have been sufficient. As a result, the court abused its discretion in dismissing the complaint pursuant to Rule 41(b).

For similar reasons, we conclude that the court's dismissal under Rule 16(f) was also an abuse of discretion. We review a court's imposition of sanctions under Rule 16(f) for abuse of discretion. See United States v. Duran Samaniego, 345 F.3d 1280, 1284 (11th Cir. 2003). Rule 16(f) authorizes a court to impose sanctions, including dismissal under Rule 37(b)(2)(A)(v), if a party fails to obey a pretrial order. Fed.R.Civ.P. 16(f)(1). Such sanctions are "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." Duran Samaniego, 345 F.3d at 1284. "[D]istrict courts have discretion to decide if there is a pattern of

4

delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." Id. Dismissal under Rule 37, however, is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993).

Nothing evidences that Powell's conduct was deliberate, constituted a pattern of delay, or unreasonably delayed the proceedings. Her amended complaint -- filed by her lawyer -- was filed only five days late; and despite Powell's failure to appear, the court proceeded with the hearing on her lawyer's motion to withdraw. Because the court failed to consider whether Powell would be barred from refiling her complaint and whether other less drastic sanctions would have been adequate, it abused its discretion in dismissing the complaint.

We vacate and remand to the district court to determine whether Powell is in fact barred from refiling her complaint and, in the light of that information, whether lesser sanctions would suffice.

VACATED AND REMANDED.