[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12003

Non-Argument Calendar

_____

JULIO SEVILLANO,

Plaintiff-Appellant,

versus

BOARD OF COUNTY COMMISSIONERS, ORANGE COUNTY, FLORIDA,

Defendant,

ORANGE COUNTY FLORIDA,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01461-WWB-DCI

————————————

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Sevillano appeals from the district court's order grant-ing summary judgment to his former employer, Orange County, Florida (the "County"),[1] in his civil action alleging wrongful termi-nation and failure to accommodate under the Americans with Dis-ability Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553. Sevillano argues that he timely filed his lawsuit because, although he did not file it within 90 days of receiv-ing one right to sue ("RTS") letter, he did following the receipt of a second RTS. Sevillano further argues that he was a qualified in-dividual under the ADA because he was disabled at the time the County terminated him, the County was aware of his disability, and he was qualified for the park specialist position.

————————————

[1] In his amended complaint, Sevillano changed the defendant's name from the "Board of County Commissioners, Orange County, Florida," to "Orange County, Florida." For ease of reference, only the latter will be used herein.

For ease of reference, we will address each point in turn.

## I.

We review a grant of summary judgment *de novo. Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1374 (11th Cir. 1996). Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* We view the evidence in the light most favorable to the party opposing the motion. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2006).

A civil action asserting a claim under the ADA must be brought within 90 days after receipt of the RTS from the EEOC. *See* 42 U.S.C. §§ 12117(a), 2000e-5(1); *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). The 90 days commence "at the time the complainant has adequate notice that the EEOC has dismissed the charge." *Santini v. Clev. Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000).

After the defendant contests the timely filing of a complaint, the plaintiff bears the burden of showing they met the timely filing requirement. *Kerr*, 427 F.3d at 951. Although the statutory notification is complete only upon the actual receipt of the RTS letter, we do not have a rule to determine whether the complainant actually received notice of the RTS. *Id.* at 952. Instead, we impose upon complainants a "minimum responsibility . . . for an orderly and expeditious resolution" of their claims, which does not extend to a manipulable extension of time that would render the statutory

4                        Opinion of the Court                    21-12003

time requirements meaningless. *Id.* (quoting *Zillyette*, 179 F.3d at 1430).

In *Kerr*, we stated that most cases addressing receipt of the RTS letter deal with situations where the RTS letter was mailed to the complainant's house, but the complainant did not receive it because another person signed for the letter or because they failed to retrieve it from the Post Office. *Id.* There, we explained that despite being on notice that her RTS letter was being mailed, Kerr did not call to check on the status of her letter when nothing arrived for several weeks. *Id.* at 953. Because she failed to assume the minimal responsibility to follow up on the RTS letter, she lacked the due diligence required to timely resolve her case. *Id.*

We presume the complainant received the RTS letter when he or she is unable to show that the failure to receive the letter was in no way his or her fault. *Id.* at 952. Thus, we held that the complainant's actual knowledge that the EEOC terminated its investigation of a claim, as evidenced by a request for an RTS letter, may be sufficient to start the time for filing a complaint to run, within a reasonable time after written notice of a complainant's RTS has been mailed. *Id.* at 954.

Here, there was no genuine issue of material fact as to the circumstances surrounding the United States Postal Service's attempted delivery of Sevillano's first RTS to his regular address, how officials notified him of that, and how he did not retrieve the RTS but, instead, sought and obtained a second one. We conclude, as the district court did, that he did not meet his burden of having

a "minimum responsibility . . . for an orderly and expeditious resolution" of his ADA claim against the County, and that the County was entitled to summary judgment on this basis.

## II.

The ADA prohibits employers from discriminating against qualified individuals because of their disability.    42 U.S.C. § 12112(a).  We analyze ADA discrimination claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Clev. v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004) (considering whether the plaintiff proved discrimination under *McDonnell Douglas*).

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show, among other things, that he is a qualified individual.  *Id.*  If the plaintiff meets his *prima facie* burden, and the defendant presents a legitimate, non-discriminatory reason for its actions, the plaintiff must then demonstrate that the reason given was a pretext for disability discrimination.  *Id.*

A "qualified individual" is a person with a disability who, with or without reasonable accommodations, can perform the essential functions of the job he holds or desires.    42 U.S.C. § 12111(8); *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007).  An accommodation is reasonable and necessary under the ADA if it enables the employee to perform the essential functions of the job.  *Holly*, 492 F.3d at 1256.  If an individual cannot perform the essential functions of his job, even with

accommodation, then the individual is not qualified and is not protected by the ADA. *Id.*

Essential functions are the fundamental duties of a position that an individual with a disability is actually required to perform. *Id.* at 1257. If an employer has prepared a written description of the job duties, that description is evidence of the essential functions of the job. 42 U.S.C. § 12111(8); *Holly*, 492 F.3d at 1257.

Unlawful discrimination includes a refusal by the employer to reasonably accommodate a qualified individual unless the accommodation would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(a); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997). The plaintiff, however, bears the burden of identifying an accommodation and showing that the accommodation would allow him to perform the essential functions of the job in question. *Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017). Whether a reasonable accommodation can be made for an otherwise qualified individual is determined by reference to that specific position. *Id.* at 1288. Finally, an employer is not required to create a new position for an employee with a disability, nor is it required to create a light-duty position for a disabled employee, nor assign an employee to a position that is not vacant. *Id.* at 1289.

Here, there was no genuine issue of material fact as to Sevillano's limitations. There was also no dispute as to whether he was a qualified individual under the ADA, because he did not present evidence that the functions of the park specialist position were not

essential to that position, and evidence otherwise showed that he could not perform the essential functions of that position. Accordingly, Sevillano failed to make out a *prima facie* case of disability discrimination or refusal to accommodate under the ADA, and the district court did not err in granting summary judgment to the County for this reason as well.

**AFFIRMED.**