[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-10387

Non-Argument Calendar

_____

LINDA B. PHILPOT,

Plaintiff-Appellant,

versus

PEACH STATE HEALTH PLAN,

Defendant,

PEACH STATE HEALTH PLAN, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01760-TWT

————————————

Before NEWSOM, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Linda Philpot, proceeding *pro se*,[1] appeals the district court's dismissal of Plaintiff's *pro se* civil action against her former employer, Peach State Health Plan, Inc. ("Peach State"). The district court dismissed Plaintiff's complaint for insufficient service of process. Reversible error has been shown; we vacate the dismissal and remand for further proceedings.

**I.**

Plaintiff filed *pro se* this civil complaint in April 2020. Plaintiff asserted against Peach State claims for unlawful employment discrimination: supposed violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, 3, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633. Peach State later moved to dismiss Plaintiff's complaint for insufficient service of process.

———————————————

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A magistrate judge issued a report and recommendation ("First R&R"), addressing Peach State's motion. The magistrate judge determined that Plaintiff failed to serve properly Peach State, explaining that Plaintiff -- as a party to the action -- was not permitted to serve process herself and that service by mail was not appropriate under the circumstances. The magistrate judge noted that personal service must be made upon Peach State's registered agent and also identified the name and address for Peach State's registered agent.

Concluding that Plaintiff's attempts to serve Peach State were deficient, the magistrate judge recommended that the district court grant in part Peach State's motion to dismiss. The magistrate judge also recommended that the district court grant Plaintiff an extension to effectuate proper service of process based on two factors: (1) Plaintiff's *pro se* status and (2) because "Plaintiff would most certainly face timeliness issues if this case were dismissed and she attempted to refile her claims."

The district court adopted the First R&R, granted in part Peach State's motion to dismiss, and granted Plaintiff an additional 21 days to complete service of process.

Plaintiff filed timely two "Proof of Service" forms, showing that a process server had served summons on two people: (1) Mr. Turner, a mail room employee at Peach State's offices, and (2) Mr. Peterson, an attorney at the law firm representing Peach State in this case. Peach State again moved to dismiss for insufficient service of process.

On 28 December 2021, the magistrate judge issued a second R&R ("Second R&R"), recommending that the district court grant Peach State's motion to dismiss. The magistrate judge determined that neither Mr. Turner nor Mr. Peterson were authorized to receive process on behalf of Peach State. The magistrate judge concluded that Plaintiff failed to effectuate proper service despite the magistrate judge's earlier guidance -- in the First R&R -- about how to do so. Because Plaintiff had failed to serve properly Peach State after having been given a second chance, the magistrate judge said Plaintiff had "not demonstrated why she should be given yet another chance to do what she was required to do many months ago." The magistrate judge then advised that the parties had 14 days to file written objections, pursuant to 28 U.S.C. § 636(b)(1).

On 5 January 2022 -- before the expiration of the 14-day period for filing objections -- the district court entered a one-paragraph order granting Peach State's motion to dismiss. The district court said "no objections to the [Second R&R] have been filed" and thus adopted without discussion the Second R&R as the judgment of the court.

Meanwhile -- on 4 January and 5 January 2022 -- Plaintiff filed timely objections to the Second R&R. Among other things, Plaintiff said she never received the First R&R.

After the district court issued its order of dismissal, Plaintiff moved for a hearing on her objections to the Second R&R: objections Plaintiff said the district court never ruled on. The district

court denied Plaintiff's motion, concluding that Plaintiff's filing of a notice of appeal deprived the court of jurisdiction.

## II.

We review for abuse of discretion a district court's dismissal of a complaint for failure to serve timely a defendant under Fed. R. Civ. P. 4(m). *See Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). "A district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner." *Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for failing to effect timely service, the district court "must extend the time for service." *Id.* "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (quotations and brackets omitted).

Even absent a showing of good cause, the district court maintains discretion under Rule 4(m) to extend the time for service. *Id.* at 1282. And we have said that, when a district court finds a plaintiff has demonstrated no good cause under Rule 4(m), "the

district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*; *see Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) ("[A] district court's dismissal of a case under Rule 4(m) after finding that the plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period is 'premature.'"). Circumstances that might warrant an extension of time include when the statute of limitations would prevent refiling or when the defendant evades service. *Lepone-Dempsey*, 476 F.3d at 1282.

Here, the district court abused its discretion in dismissing Plaintiff's complaint before the expiration of the 14-day period to file objections and without considering Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party has 14 days to file objections to a magistrate judge's R&R and that the district court "shall make a *de novo* determination" about the portions of the R&R to which a party has objected); Fed. R. Civ. P. 72(b)(2), (3) (same). Despite the district court's error, Peach State urges us to affirm the district court's dismissal on grounds that the error was harmless. We disagree.

We accept the magistrate judge's conclusion that Plaintiff failed to serve properly Peach State. In the Second R&R, the magistrate judge then concluded that no good cause existed based on

Plaintiff's failure to follow the guidance set forth in the First R&R. The district court adopted the Second R&R without considering Plaintiff's contention -- made in her timely-filed objections -- that she never received the First R&R. Because Plaintiff's allegation mitigates to some degree the magistrate judge's chief reason for recommending that Plaintiff not be granted a second extension of time, we cannot conclude that the district court's failure to consider Plaintiff's objections was harmless.

Moreover, the district court also erred in failing to show that it considered whether other circumstances might exist that would warrant a permissive extension of time to serve Peach State. Of particular concern, we note that -- when the district court issued its dismissal order in January 2022 -- the record made apparent that the applicable statute-of-limitations for Plaintiff's claims had already run.[2] Although the district court is not required to grant an extension even if it concludes that Plaintiff is now barred from re-filing her claims, "it was incumbent upon the district court to at

---

[2] The complained-of discrimination occurred in May 2018 and the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right-to-sue notice in February 2020. Under the applicable statute-of-limitations, Plaintiff had 90 days from the issuance of the right-to-sue notice to file this civil action. See 29 U.S.C. § 626(e); 42 U.S.C. § 2000e- 5(f)(1); Santini v. Cleveland Clinic, 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."). Plaintiff's time for filing this civil action apparently expired well before the district court's January 2022 order of dismissal.

least consider this factor." *See Lepone-Dempsey*, 476 F.3d at 1282 (reversing the district court's dismissal for failure to effect timely service when the district court failed to consider that the statute-of-limitations had already expired).

We vacate the district court's order of dismissal and remand for the district court to consider these things: (1) Plaintiff's objections to the Second R&R; (2) whether -- in the light of Plaintiff's objections -- good cause existed to excuse Plaintiff's failure to effect proper service; and (3) if no good cause existed, whether other circumstances (including the running of the applicable statutes of limitation) would warrant a permissive extension of time to serve Peach State.

VACATED AND REMANDED.