[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10969

Non-Argument Calendar

_____

FRANK HILL,

                                                    Plaintiff-Appellant,

*versus*

NORTH MOBILE NURSING AND REHABILITATION,
KATHY ODOM,
ERIKA LACOUR,
In their individual and official capacities,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cv-00504-TFM-MU

———————————

Before JILL PRYOR, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Frank Hill appeals from the district court's dismissal without prejudice of his time-barred case—which alleged claims of retaliation, failure to promote under Title VII of the Civil Rights Act of 1964 ("Title VII"), and claims pursuant to the Americans with Disabilities Act ("ADA"), the Families First Coronavirus Response Act ("FFCRA"), and the Age Discrimination in Employment Act ("ADEA")—under Federal Rule of Civil Procedure 41(b), along with the district court's denial of his motion for default judgment under Federal Rule of Civil Procedure 55 and motion for judgment on the pleadings under Federal Rule Civil Procedure 12(c). Having reviewed the record and read the parties' briefs, we affirm the district court's order dismissing without prejudice Hill's complaint.

**I.**

We review a dismissal under Rule 41(b) for abuse of discretion. *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). Rule 41(b) allows a district court to dismiss an action for, among other reasons, failure to comply with a court order. Fed. R. Civ. P. 41(b); *Gratton*, 178 F.3d at 1374. When a claim cannot be refiled because it is time barred, dismissal without prejudice is "no

less a severe sanction than a dismissal with prejudice." *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. Unit A 1981).[1]

Because dismissal with prejudice is an extreme sanction, a district court abuses its discretion when it imposes it without first finding that (1) the offending party engaged "in a clear pattern of delay or willful contempt," and (2) lesser sanctions would not correct that party's conduct. *Betty K Agencies, LTD. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005). Although these findings are essential, they may be made implicitly. *Id.* at 1339. Dismissal with prejudice is "more appropriate" when the party, as opposed to their counsel, is responsible for the misconduct. *Id.* at 1338. Moreover, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.

The statute of limitations to file an employment-based claim depends on whether the statute requires an aggrieved party to exhaust available administrative remedies by filing a charge of unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC") before filing a lawsuit. Under Title VII, the ADA, and the ADEA, the aggrieved party then must bring a civil action against the named respondent within 90 days after receiving

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

adequate notice. 42 U.S.C. § 2000e–5(f)(1) (Title VII); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (ADEA); *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (ADA). Under the Family Medical Leave Act, to which the FFCRA is an amendment, an aggrieved party may bring a civil action no later than two years after the date of the last alleged violation. *See* Pub. L. 116-127, § 3201, 134 Stat. 178, 189; 29 U.S.C. § 2617(c)(1). If the alleged violation was willful, however, the aggrieved party can bring a civil action within three years of the date of the alleged violation. 29 U.S.C. § 2617(c)(2).

The district court dismissed Hill's case without prejudice under Rule 41(b). As the dismissal occurred more than 90 days after Hill received his right-to-sue letter from the EEOC, the Title VII, ADA, and ADEA claims that the court dismissed without prejudice are time-barred and cannot be refiled. Similarly, the court dismissed Hill's FFCRA claim without prejudice more than three years after North Mobile and Kathy Odom's alleged violation, resulting in the FFCRA claim being time-barred. Thus, the district court's dismissal amounts to one with prejudice.

We conclude that the district court did not abuse its discretion by dismissing Hill's complaint. The record shows that the district court implicitly found that Hill engaged in a clear pattern of contempt, and that lesser sanctions were insufficient to correct his misconduct. Furthermore, Hill was directly responsible for his misconduct. Hill disregarded the district court's explicit warning that his claims could be dismissed if he did not file an amended

complaint.  Rather than heeding the district court's warning, Hill chose to move to strike the district court's memorandum opinion and order, citing an unspecified "[p]rocedural complaint of the entire court proceeding." (R. Doc. 25, p. 1.)  The district court gave Hill another opportunity to amend his complaint, but his response was that he found no legal procedural reason to amend his complaint. (R. Doc. 28, p.1.)  *See Moon*, 863 F.3d at 837.  Accordingly, because the district court did not abuse its discretion in dismissing Hill's complaint, we affirm as to this issue.

## III.

A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1.  In the absence of a proper objection, however, we may review on appeal for plain error, in the interests of justice.  *Id.*

"We review the denial of a motion for default judgment for abuse of discretion." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015).  "'A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.'" *Id.* (quoting *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir.2014)).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment when a defendant "has failed to plead or otherwise defend" against a claim.  Fed. R. Civ. P. 55(a).  However, "[p]roper service of process is a jurisdictional prerequisite" for a federal court to exercise jurisdiction over a defendant.  *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021).  Unless federal law provides otherwise, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e).  The plaintiff is responsible for service of process and providing proof of service to the court in form of the server's affidavit.  Fed. R. Civ. P. 4(c)(1).

The record shows that Hill waived his right to appeal the district court's order denying his motion for default judgment against Erika LaCour.  The magistrate judge had properly notified the parties of the 14-day period for objecting and the consequences on appeal for failing to object to its report and recommendation for Hill's motion for default judgment.  Hill did not file any objections.  On appeal, Hill challenges the court's fact finding, thus, no reviewable error exists.  Even if Hill had not waived his right to appeal, the court did not abuse its discretion by denying Hill's motion for default judgment because Hill never executed the necessary proof of service to allow the court to exercise jurisdiction over LaCour.  Accordingly, we affirm on this issue.

**IV.**

We review the denial of a motion for judgment on the pleadings *de novo*. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). A motion for judgment on the pleadings is permitted only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c); *Perez*, 774 F.3d at 1336. "Pleadings" include the complaint, the answer, the answer to a counterclaim or crossclaim, a third-party complaint, and the answer thereto, and, if the court orders one, the reply to an answer. Fed. R. Civ. P. 7(a). A judgment on the pleadings is inappropriate when only a single pleading related to a claim has been filed. *Perez*, 774 F.3d at 1337. Judgment on the pleadings is appropriate where no material facts are in dispute and the moving party is entitled to judgment as a matter of law. *Id.* at 1335.

The record demonstrates that the district court did not err when it denied Hill's motion for judgment on the pleadings because the pleadings were not closed. At the time Hill filed his motion, Kathy Odom had not yet filed an answer to Hill's complaint. Even if the pleadings were closed, the court still would not have erred in denying Hill's motion because the parties disputed multiple material facts. At the time Hill filed his motion for judgment on the pleadings, north Mobile and Odom had filed motions to dismiss. In addition, Hill has not claimed an absence of material fact issues, nor has he identified any portion of any pleading on which he could base such an assertion. Thus, we affirm as to this issue.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Hill's complaint, its order

denying Hill's motion for default judgment, and its order denying Hill's motion for judgment on the pleadings.

**AFFIRMED**