[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13649

Non-Argument Calendar

_____

GREGORY MAKOZY,

Plaintiff-Appellant,

*versus*

UNITED PARCEL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-21544-KMW

_____

Before LAGOA, KIDD, and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Plaintiff-Appellant Gregory Makozy, proceeding pro se,[1] appeals the district court's dismissal of his complaint for failure to prosecute his claims against Defendant-Appellee United Parcel Service, Inc. (UPS) for age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and retaliation. Makozy argues that the district court's dismissal of his claim for failure to prosecute—because he did not appear for a deposition and respond to certain discovery requests—was error. The district court did not abuse its discretion in dismissing Makozy's complaint for failure to prosecute. We, therefore, affirm.

## I.

In April 2023, Makozy filed a pro se complaint against his former employer, UPS, claiming that it discriminated against him based on age in violation of the ADEA by denying him promotions.[2] After Makozy filed two amended complaints, UPS moved to dismiss Makozy's second amended complaint pursuant to

---

[1] We "give liberal construction to the pleadings of *pro se* litigants, [but] nevertheless [require] them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).

[2] A plaintiff must file a claim under the ADEA within 90 days of receiving notice from the Equal Employment Opportunity Commission (EEOC) of his right to sue. *See Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 824–25 (11th Cir. 2000) (per curiam). Makozy received his right to sue notice from the EEOC on January 23, 2023, and filed his complaint within the ninety-day window.

Federal Rules of Civil Procedure 37(d)(1)(A)(i) and 41(b) for discovery abuses, delay tactics, and failure to prosecute.

UPS argued that Makozy refused to engage in discovery, stating that he had not responded to UPS's requests for production and for admissions served in November 2023 and April 2024, respectively. UPS also argued that Makozy would not authorize the release of his past employment or medical records, did not respond to its request to schedule a deposition, and did not appear for his virtual deposition at the designated time. UPS also contended that Makozy misrepresented his need for a virtual deposition due to a lack of transportation and physical impairment when he was on vacation and engaged in ex parte communications. Finally, UPS argued that Makozy should be sanctioned for his discovery abuses and failure to appear, and UPS requested attorneys' fees and costs. Makozy responded to UPS's motion to dismiss and for sanctions, arguing in part that he responded to discovery and was cooperating with UPS's counsel.

The magistrate judge issued a report and recommendation (R&R) recommending that the district court grant UPS's motion and dismiss Makozy's complaint without prejudice under Rule 41(b). *See* Fed. R. Civ. P. 41(b). Makozy objected to the R&R. UPS responded to Makozy's objections, arguing that the magistrate judge properly concluded that Makozy's failure to prosecute warranted dismissal because he did not appear at his deposition despite accommodations, he did not conduct any depositions, and he did not participate in written discovery. The district court adopted the

R&R in full, dismissed Makozy's second amended complaint without prejudice, and denied all pending motions as moot. Makozy timely appealed.

## II.

We review a district court's dismissal of an action with or without prejudice for failure to prosecute for an abuse of discretion.[3] *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam). A district court has the authority to *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b) and under its inherent power[4] to

---

[3] A dismissal without prejudice generally is not an abuse of discretion, even for a single procedural violation, because the affected party may simply refile. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion."). If a dismissal without prejudice "has the effect of precluding plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (alterations adopted and quotation marks omitted). And "[t]he fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations." *See Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 33–34, (11th Cir. 1982).

[4] District courts have "considerable authority" to manage their cases in an organized and efficient manner. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989), *superseded by rule on other grounds*, 2000 Amendments to Fed. R. Civ. P. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017).

manage its docket. *Betty K Agencies, Ltd.*, 432 F.3d at 1337. Applying this standard, we will not reverse if the district court's decision was within its range of choices and was not influenced by a mistake of law. *Id.*

Federal Rule of Civil Procedure 41(b) provides that, if a "plaintiff fails to prosecute or to comply" with procedural rules "or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal with prejudice under Rule 41(b) "is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K. Agencies, Ltd.*, 432 F.3d at 1338–39. Mere negligence or confusion is not enough to make a finding of delay or willful misconduct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

## III.

The district court here did not abuse its discretion in dismissing Makozy's complaint for failure to prosecute under Rule 41(b). *See Betty K Agencies, Ltd.*, 432 F.3d at 1337. The district court had considerable authority, under both the Federal Rules of Civil Procedure and its inherent power to manage its docket, to dismiss Makozy's complaint *sua sponte* because Makozy was bound to comply with the Rules and with court orders, even as a pro se party, and he failed to do so. *Id.*

On the one hand, in some respects, Makozy is correct in claiming on appeal that the magistrate judge may have overlooked his attempts to participate actively in his case by: (1) responding to

6                      Opinion of the Court                      24-13649

discovery requests and e-mails; and (2) seeking to depose employees. Contrary to the magistrate judge's determination that Makozy did not respond to UPS's November 2023 requests for production, the February 29, 2024, letter from UPS that Makozy attached to his response to UPS's motion to dismiss showed that he did respond to those requests, if only to object.

Additionally, the magistrate judge stated that Makozy sought to depose ten witnesses for the first time in July 2024. Yet after litigation had been pending for over a year, e-mail correspondence showed that Makozy requested that UPS arrange for him to depose at least three employees in April 2024, and there is no record that UPS did so. And, although the magistrate judge stressed that Makozy was not responsive when UPS sought to schedule a deposition date and time, the record shows that UPS waited barely one day before choosing the deposition date unilaterally. As Makozy states on appeal, UPS did not enter a notice of the deposition into the docket as it said it would. And these instances of confusion or mere negligence, alone, do not justify dismissal. *See Zocaras*, 465 F.3d at 483.

On the other hand, the magistrate judge correctly observed that Makozy deliberately shirked other aspects of his discovery obligations and disregarded discovery orders. Although Makozy contends that there was no basis for granting the motion to dismiss and that the magistrate judge "rushed" the R&R to recommend dismissal so the district court would not need to address UPS's pending motion for summary judgment, the record reflects multiple bases

for dismissing his complaint under Rule 41(b) due to willful defiance after UPS moved for such relief.

First, Makozy refused to attend the rescheduled deposition. He does not dispute that he was aware of and able to attend the virtual deposition scheduled for June 14, 2025, but states only that he doubted defense counsel would appear after they failed to present for the earlier deposition date, failed to notice the deposition on the docket, and rescheduled the deposition for a holiday. Nevertheless, his skepticism did not excuse his discovery obligation, especially when he did not have to travel to appear, and he had several days to contact UPS and request a different date if he so desired. Additionally, as the magistrate judge noted, Makozy's assertion that he traveled 60 miles each way to show up at the May 27, 2024, deposition appears to contradict his earlier claims that he was unable to travel for hearings because he lacked access to a vehicle during the day and found it difficult to travel due to his physical impairment.

Second, Makozy continually refused to authorize the release of his medical and employment records. Makozy admitted that he willfully refused to provide this authorization, stating that the magistrate judge appeared to accept his refusal at the discovery conference, and he did not disobey any written court order. However, e-mail correspondence between the parties shows that the magistrate judge directed him to release the records—which were relevant to determining his qualifications and calculating his damages—and he failed to comply with that discovery order.

Third, Makozy failed to comply with discovery procedures and local rules despite instruction by the district court. Shortly after Makozy filed his complaint, the district court entered two orders advising him of the rules he needed to follow and specifically provided him with a link to the magistrate judge's discovery rules. When Makozy violated those rules, such as by failing to confer with UPS about discovery matters and by filing discovery motions to the district court docket without being instructed to do so by the magistrate judge, the magistrate judge advised him of the proper procedures. Still, he did not comply with the magistrate judge's instructions and committed the same errors, often in swift succession.

Additionally, Makozy continued to file frivolous motions, such as the motion to compel discovery from UPS that he raised multiple times even while UPS responded by objecting to his overbroad discovery requests, which the magistrate judge counseled him to remedy and resubmit. Thus, the district court did not err in adopting the magistrate judge's conclusions that Makozy was willfully defiant and that lesser sanctions than dismissal would not suffice because he continued to ignore court instructions. *See Betty K. Agencies, Ltd.*, 432 F.3d at 1337–38.

The district court advised Makozy before litigation began that his case could be dismissed for failure to adhere to the cited rules and procedures. Additionally, it corrected his errors and instructed him to refer to those rules and procedures during litigation. And the R&R put Makozy on notice that his complaint was

24-13649                Opinion of the Court                9

likely to be dismissed and allowed him 14 days to respond with objections. Makozy asserts that the district court could not have reviewed his objections because they arrived after it dismissed his case. But his objections were docketed before the final order of dismissal and the district court referenced them in its order. Thus, the district court employed a fair procedure in rendering its decision.

## IV.

In sum, the district court did not abuse its discretion in dismissing Makozy's complaint for failure to prosecute, effectively with prejudice, because he did not appear for a virtual deposition, did not authorize the release of necessary employment and medical records as ordered by the magistrate judge, and failed to follow discovery procedures and court rules despite being instructed to do so several times, suggesting he would not comply with a lesser sanction. Accordingly, we affirm.

**AFFIRMED.**