**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11976

Non-Argument Calendar

_____

MARY T. SCHUPETA,

*Plaintiff-Appellant,*

*versus*

GWINNETT COUNTY PUBLIC SCHOOLS,
ATLANTA PUBLIC SCHOOLS,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-04798-JPB

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Mary Schupeta, proceeding pro se, appeals the district court's dismissal of her suit without prejudice for (1) failure to file

her complaint within 90 days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) and for (2) failure to timely serve the defendants, Gwinnett County Public Schools (GCPS) and Atlanta Public Schools (APS). Schupeta is suing GCPS and APS for alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a). Because she has not provided any explanation as to why she missed the deadline for bringing an ADEA suit or shown good cause for failing to serve GCPS and APS, we **AFFIRM** the district court's dismissal of her suit without prejudice.

Before bringing an ADEA claim in federal court, an aggrieved employee must first file a charge of unlawful discrimination with the EEOC. 29 U.S.C. § 626(d)(1). If the EEOC dismisses the charge, it will notify the employee of the dismissal and her right to sue. *Id.* § 626(e). Then, the employee has the right to bring a civil action against the individual named in the charge "within 90 days after the . . . receipt of such notice." *Id.* After the 90 days pass, the employee may not bring an ADEA action for that charge. *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000).

The EEOC dismissed Schupeta's charge of discrimination and issued her right-to-sue letter on May 26, 2022. She then filed suit in federal district court on October 19, 2023, more than a year later. The court dismissed her complaint (1) as untimely because she missed the 90-day deadline for bringing an ADEA suit and (2) for failing to serve GCPS and APS within 90 days of filing the complaint.

## I

We review the dismissal of a lawsuit for abuse of discretion. *See Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam). Schupeta doesn't dispute that she failed to file her complaint by the 90-day deadline—in fact, on appeal, she completely fails to address timeliness at all. Instead, she argues the merits of her claim—that she complied with GCPS's complaint and grievance policy and was qualified for the position for which she was denied employment. Thus, the district court acted within its discretion in dismissing her complaint without prejudice.

## II

We also "review for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m)." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). Federal Rule of Civil Procedure 4(m) requires the plaintiff to serve the defendant "within 90 days after the complaint is filed," unless "the plaintiff shows good cause for the failure," or the defendant agrees to waive service. Fed. R. Civ. P. 4(d), (m).

Schupeta failed to "serve[] either of the defendants" within 90 days, provide any explanation establishing good cause, or show that the GCPS or APS waived service. Again, in her appeal, she fails to address why she failed to serve GCPS and APS on time. Thus, dismissal without prejudice is also warranted for her failure to provide timely service.

**AFFIRMED.**